DUSENBURY, collector of the estate of Lewis Seymour, deceased, v. HULBERT, appellant, *et al.*

*Mortgages — priority of lien.*

L. had a contract from B. for the purchase of certain premises for $2,500, upon which he had paid $100, April 1st. L. represented to plaintiff that he was the owner of such premises, and plaintiff then agreed to loan L. $1,500 on a mortgage upon them. L. accordingly executed to plaintiff a bond for $1,500; plaintiff paid him $900, and it was agreed that plaintiff should send the remaining $600 to L. on the following day, and that L. should execute the mortgage and deliver it for plaintiff to the county clerk for record. On the following day plaintiff sent L. the $600. L. paid B. upon the contract $900, April 2d, and $500, April 3d. On the 6th April, L. paid B. $100, received from B. a deed of the premises, and gave back a mortgage to B. for $900, the balance of the purchase-money. On the 14th day of April, L. delivered to the clerk for record, his deed from B., and also the mortgage which he had agreed to execute to plaintiff. April 17, B. assigned his mortgage for $900 to defendant, and on the following day, that mortgage was recorded. Neither plaintiff, defendant nor B. had notice of any of these transactions, except those in which they acted, as stated above, personally.

*Held,* that the lien of plaintiff's mortgage was superior to defendant's.

APPEAL from a judgment entered upon the decision of the court, at special term.

The action was brought to foreclose a mortgage given to Seymour by one *La Grange*. Plaintiff was collector of Seymour's estate. Defendant *Hulbert* was the owner of a mortgage given by *La Grange* to one *Bowen*.

VOL. II, N. Y. REP.— 23

The case was this: On the 1st of April, 1868, *Bowen* was the owner of the premises in question, and had contracted to sell them to *La Grange* for $2,500, and had received from *La Grange* $100 of that sum, the remainder was due that day; upon that day *La Grange* represented to Seymour that he was the owner of the premises, and Seymour agreed to loan him $1,500, upon a mortgage thereon. *La Grange* gave plaintiff his bond for that sum; Seymour paid him $900, and it was agreed that Seymour should send the remaining $600 upon the following day, and that *La Grange* should execute the mortgage and deliver it, for Seymour, to the county clerk for record. April 2d, Seymour sent the $900 ; *La Grange* executed the mortgage April 1st; but did not deliver it to the clerk until April 14th.

*La Grange* paid *Bowen* $900 upon the contract, April 2d, and $500, April 3d. On the 6th day of April he paid *Bowen* $100, received his deed and gave back a mortgage to *Bowen* for $900, the balance of the purchase-money. April 14th, *La Grange* delivered his deed, and his mortgage to *Seymour*, to the clerk for record. April 17th, *Bowen* assigned his mortgage to the defendant, *Hulbert*, and on the following day it was recorded.

Neither Seymour, *Bowen* nor *Hulbert* had actual knowledge of any of these transactions, except those in which they were personally concerned. *Bowen* was in possession of the premises until he received his mortgage.

The court at special term held that plaintiff's mortgage was the prior lien, and directed judgment of foreclosure accordingly. *Hulbert* appealed.

*M. M. Waters*, for appellant.

*Edward K. Clark*, for respondent.

P. POTTER, J. I place my decision of this case upon this ground, that both parties, being *bona fide* mortgagees, the mortgages taking effect at the same instant of time upon the estate, and the case not coming within the provisions of the recording act, inasmuch as Seymour was not a subsequent purchaser, the equities of the parties were equal ; and neither being charged with actual or constructive notice of the other's lien, the preference is to be given to the first recorded mortgage, on account of the greater diligence by *Seymour*.

But if the time of delivery of the mortgage to Seymour, instead of its date, is to be regarded as the time when it took effect as a purchase, then Seymour was a subsequent purchaser, and is entitled to priority under the recording act.

MILLER, P. J., and PARKER, J., concurred.

*Judgment affirmed.*